United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 25-31101 |
| WAYNE RICHARD § | |
| LUKASZEWSKI, *et al.*, § | |
| § | |
| Debtors. § | |
| § | |
| § | CHAPTER 13 |

## MEMORANDUM OPINION

The Chapter 13 Trustee seeks to dismiss this case or convert this case to one under Chapter 7 of the Bankruptcy Code. He alleges that Cristina McGray Lukaszewski and Wayne Richard Lukaszewski are ineligible for chapter 13 relief. 11.U.S.C. § 109(e). The amount of their unsecured debts listed on their schedules exceed the limit under § 109(e). The Lukazewskis oppose the relief. They assert that they misclassified a loan from the U.S. Small Business Administration ("SBA") as an unsecured debt and that it should be considered secured debt for purposes of § 109(e) eligibility.

The SBA loan is an unsecured debt. It is undisputed that classification of the loan as unsecured means that the Lukaszewsks' total unsecured debt exceeds the § 109(e) debt limit. The Lukaszewskis are ineligible for chapter 13 relief. The case will be converted or dismissed.

### BACKGROUND

On May 13, 2020, Christina McCray Real Estate received a loan in the amount of $101,500.00 from SBA under the Economic Injury Disaster Loan program. ECF No. 33-2. The loan was memorialized by a promissory note, a loan authorization and agreement, and a security

agreement granting the SBA a lien on the various business assets, including inventory, equipment, accounts, and general intangibles. ECF No. 33-2. The security agreement identifies the Borrower as "Christina McCray Real Estate." ECF No. 33-2 at 16. No UCC-1 financing statement was filed in connection with the loan. ECF No. 33 at 2.

In a separate document, Christina McCray Lukaszewski guaranteed repayment of the SBA debt. The guaranty is not secured by any collateral. Proof of Claim No. 3.

On February 28, 2025, the Lukaszewskis filed voluntary petitions for relief under Chapter 13 of the Code. ECF No. 33. The Lukaszewskis classified the SBA loan as an unsecured claim in their schedules. ECF No. 1 at 45.

On March 14, 2025, SBA filed a proof of claim asserting a total balance of $455,376.44 and classifying the claim as wholly unsecured. ECF No. 33. The Lukaszewskis have not objected to the proof of claim.

On May 7, 2025, the Trustee moved to dismiss or convert the case, alleging that the Lukaszewskis are ineligible for Chapter 13 relief because their total unsecured debt exceeds the limit imposed by § 109(e). ECF No. 30.

The Lukaszewskis opposes Trustee's motion, arguing that SBA's interest constitutes a secured debt under § 109(e) notwithstanding the lack of perfection. They argue that the signed security agreement is sufficient to create a secured debt for purposes of § 109(e), and that the claim should be excluded from the unsecured debt calculation. ECF No. 33.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The

bankruptcy case was referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Section 109(e) governs who qualifies as a chapter 13 debtor under the Bankruptcy Code. Section 109(e) provides:

> Only an individual with regular income that owes, *on the date of the filing of the petition*, noncontingent, liquidated, unsecured debts of less than $465,275 and noncontingent, liquidated, secured debts of less than $1,395,875, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, *on the date of the filing of the petition*, noncontingent, liquidated, unsecured debts that aggregate less than $465,275 and noncontingent, liquidated, secured debts of less than $1,395,875 may be a debtor under chapter 13 of this title.

§ 109(e) (emphasis added). To determine eligibility in a Chapter 13 case, courts generally defer to the characterization and amount of debt provided in the debtor's schedules, subject to a court's finding that the schedules were prepared in good faith. *In re Pearson*, 773 F.2d 751, 757 (6th Cir. 1985); *In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001); *In re Gamble*, 570 B.R. 272, 276 (Bankr. S.D. Tex. 2017). Eligibility is assessed as of the petition date. *Gamble*, 570 B.R. at 276.

The Lukaszewskis listed the SBA loan as an unsecured debt in their schedules. They now argue the debt was misclassified. The Court disagrees. Looking beyond the schedules, the Court confirms that the SBA loan is unsecured with respect to the Lukaszewskis.

The loan documents identify "Christina McCray Real Estate" as the borrower. SBA holds an unperfected security interest in assets belonging to that entity. But Christina McCray Real Estate is not a debtor in this case.

The petition in this case required the Lukaszewskis to list "all other names [they] have used in the last 8 years." ECF No. 1 at 1. The

petition clarifies that they must list any "trade names and *doing business as* names." They were not required to list the names of any "separate legal entities." The Lukaszewskis do not list "Christina McCray Real Estate" as a trade name or a dba. [1]

Christina McCray Lukaszewski signed pre-petition agreements to personally guarantee payment to SBA of the loan amounts. Her liability arises solely from the guarantee. Because the SBA does not have any collateral securing its guaranty claim, the guaranty debt was unsecured as of the petition date. Proof of Claim No. 3.

By including her guaranty obligation, the Lukaszewskis' total unsecured debt exceeds the $465,275 limit imposed by § 109(e). The Lukaszewskis are ineligible for chapter 13 relief.

## CONCLUSION

A separate order will be entered.

SIGNED 06/30/2025

Marvin Isgur
United States Bankruptcy Judge

---

[1] The Court notes that "Christina McCray Real Estate" is not listed in the schedules as an entity that the Lukaszewskis own in whole or in part.